UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH R. BIDEN and DONALD J. TRUMP,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-00635-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE and ORDER DENYING IN FORMA PAUPERIS APPLICATION** |

　　　　The Clerk of Court conditionally filed Plaintiff John Robert Demos, Jr.'s Complaint[1] because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

　　　　Having reviewed the record, the Court enters the following Order dismissing this case with prejudice.

---

[1] 　　The title of Plaintiff's initial pleading is "Motion/Petition for Judicial Review and Intervention." *See* Dkt. 3. Because of the nature of the allegations in the pleading, and because the pleading relies on the United States Constitution and federal statutes as the bases for Plaintiff's claims, the Court construes the pleading as a civil rights complaint under 42 U.S.C. § 1983.

INITIAL REVIEW ORDER BY SCREENING JUDGE and
ORDER DENYING IN FORMA PAUPERIS APPLICATION - 1

1.  **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Washington Department of Corrections, currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Plaintiff alleges that former President Biden and current President Trump each entered into an oral contract with Plaintiff in which they agreed to grant Plaintiff a pardon. *Compl.*, Dkt. 3, at 2–3. Plaintiff also

alleges that President Trump orally agreed to appoint Plaintiff as a commissioner for the Securities and Exchange Commission. *Id.* at 2. Plaintiff contends that both Presidents violated those agreements.

The Complaint contains no specific facts to support Plaintiff's claims. For the reasons that follow, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and that Plaintiff's claims are legally and factually frivolous.

**3.     Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff cites numerous federal constitutional and statutory provisions in support of his claims. *See Compl.* at 4–5 (citing, for example, Article III of the Constitution, the All Writs Act, the Americans with Disabilities Act, the National Labor Relations Act, the Civil Rights Act, the Sarbanes-Oxley Act, the Fair Labor Standards Act, the Equal Pay Act, and the Fair Credit Reporting Act).

State law claims are insufficient to state a plausible civil rights claim. *Lovell by & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.' 42 U.S.C. § 1983. To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."). Plaintiff alleges only that former President Biden and current President Trump breached an oral contract with Plaintiff. This is an alleged violation of state law that does not

support a § 1983 claim. And the Court has found no authority suggesting that any of the federal provisions cited by Plaintiff permit a federal suit for breach of contract.

Finally, Plaintiff's claims that he is entitled to a pardon are implausible for the additional reason that an inmate has no federal right to a pardon. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence ….") (parole context).

In addition to being implausible, Plaintiff's claims are also frivolous. They are legally frivolous because they are based on "indisputably meritless legal theor[ies.]" *Goya v. U.S. Navy*, 35 F.3d 570 (9th Cir. 1994) (unpublished) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The claims are also factually frivolous because they are based on a "fantastic or delusional scenario[]." *Neitzke*, 490 U.S. at 325 (1989). There is simply nothing in the Complaint to support Plaintiff's fanciful allegations that two Presidents of the United States promised Plaintiff a pardon or a federal appointment.

**4.    Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of

> favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred because it is clear from the face of the Complaint that the breach of an oral contract does not support a claim under any of the statutes cited by Plaintiff, and because the claims are factually and legally frivolous. Therefore, the Court will dismiss the Complaint without leave to amend.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted and as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2. Because the Complaint fails to state a claim upon which relief may be granted and is frivolous, Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is DENIED. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("[W]e hold that when a district court disposes of an in forma pauperis complaint on the grounds that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted, such a complaint is dismissed for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee.") (internal quotation marks and alteration omitted).

DATED: November 12, 2025

Amanda K. Brailsford
U.S. District Court Judge